UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

     v.                                      Case No. 18-CR-102

ALMA C. RAMIREZ,

        Defendant.

## ORDER DENYING MOTIONS TO REDUCE/CORRECT SENTENCE

On November 16, 2018, the defendant pled guilty to Wire Fraud, Filing a False Tax Return, and Aggravated Identity Theft, in violation of Titles 18 U.S.C. § 1343, 26 U.S.C. § 7206(2), and 18 U.S.C. § 1028A respectively. Defendant was advised that the Wire Fraud count carried up to twenty years in prison, that Filing a False Tax Return carried up to three years in prison, and that the Aggravated Identity Theft charged mandated two years consecutive to any other sentence imposed. As conditions of the Plea Agreement, the Government agreed to recommend a sentence within the Guidelines and the defense was free to argue. The defendant was also advised that the court would order restitution for any losses that resulted from the offenses, and the defendant agreed as part of the plea agreement that restitution should be $301,370.00 On March 5, 2019, the court sentenced the defendant to 24 months on the Wire Fraud and Filing a False Tax Return counts to be served concurrently, and 24 months on the Aggravated Identity Theft charge to be served consecutively for a total of 48 months. The court also ordered restitution of $301,370.00 as agreed by the parties. All other counts in the 29-count Indictment were dismissed on motion of the government. Defendant commenced serving her

sentence on May 31, 2019, and no appeal was filed. On February 18, 2020, Defendant filed a motion to reduce her sentence and vacate the restitution ordered by the court. On March 23, 2020, the defendant filed a motion to reconsider and correct imposed sentence pursuant to Fed. R. Crim. P. 36. Neither motion can be granted.

Rule 36 governs clerical errors. Defendant fails to point out any clerical error in the entry of Judgment or in the amount of restitution ordered. She objects to restitution ordered for counts that were dismissed from the Indictment but neglects to point out that the restitution was ordered based upon the Plea Agreement. In other words, defendant agreed to pay the restitution for the other counts as a condition of their dismissal.

More generally, the court has no authority to reduce a sentence except as provided by law. Fed. R. Crim. P. 35 limits the court's ability to reduce sentences, once imposed, to correcting clear error within 14 days after sentencing, or reducing a sentence on motion of the government for substantial assistance provided by the defendant. Defendant points to no clear error in this sentence and the time for correcting such an error has long passed. Moreover, no motion by the government has been filed asking that her sentence be reduced for substantial assistance. Instead, Defendant essentially argues that this sentence is imposing a hardship on her and her family and cites her medical condition that she thinks warrants greater care than apparently the Bureau of Prisons is providing. The court has no authority to grant relief for either reason, at least as the record now stands.

The fact that the sentence imposed has adverse consequences on Defendant's ability to maintain contact with her family is a natural result of any prison sentence. It does not constitute grounds for reconsideration. To the extent Defendant has medical problems that are not being adequately dealt with by the Bureau of Prisons, the remedy is to seek relief within the Bureau of

Prisons administration. Again, the court does not have authority, absent Defendant exhausting her remedies within the Bureau of Prisons, to grant any kind of relief based upon her medical concerns.

Accordingly, and for the foregoing reasons, Defendant's motions for relief from the sentence imposed are denied.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court